**John A. FANT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17617.**

Court of Criminal Appeals of Oklahoma.

Dec. 20, 1972.

Robert Stormont, Enid, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, John A. Fant, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Garfield County for the offense of Driving Under the Influence of Intoxicating Liquor, Subsequent Offense, After Former Conviction of a Felony. His punishment was fixed at six (6) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Trooper Don Ingold testified that on the evening of January 22,

1972 he observed a vehicle, operated by the defendant, run a stop sign. The defendant was driving approximately 40 m. p. h. in a 30 m. p. h. zone. He ran yet another stop sign before the automobile was stopped. The defendant got out of the car and the Trooper observed two bottles of liquor in the vehicle. Defendant had a strong odor of alcohol about his person and his speech was slurred. He was placed under arrest and transported to the County Jail. After being advised of his Miranda rights, he consented to take a breathalyzer test. The breathalyzer test was administered with a result of .23%. The Trooper showed the defendant the test results, whereupon the defendant stated, " 'Well, you guys got me fair and square.' " (Tr. 31) The Trooper further testified that, in his opinion, the defendant was "definitely under the influence of alcohol."

Trooper Ray Henry testified that he was riding with Trooper Ingold on the evening in question. His testimony did not differ substantially from that of Trooper Ingold.

The parties stipulated as to the prior convictions of the defendant.

The sole proposition asserts that the punishment is excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and this Court does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. Suffice it to say that from the foregoing statement of facts, the evidence of defendant's guilt is overwhelming and the sentence imposed does not shock the conscience of this Court.

The judgment and sentence is, accordingly, Affirmed.

BLISS and BRETT, JJ., concur.